DANIEL MCCLURE v. WILLIAM SHELTON.

[FILED APRIL 29, 1890.]

1. **Assault and Battery:** EVIDENCE: REVIEW. In an action
.for assault and battery, the defense being in effect justification,
the testimony of witnesses as to the assault and nature of the
injury was conflicting and wholly irreconcilable, *held*, that it
being the province of the jury to reconcile the testimony as far
as possible, and, where that could not be done, determine from
the evidence what witnesses should be believed and what dis-
believed, and it not appearing that the verdict was clearly
wrong, it would not be disturbed.

2. ——: INSTRUCTIONS set out in the opinion taken together state
the law correctly.

ERROR to the district court for Merrick county. Tried
below before MARSHALL, J.

*John Patterson*, and *John W. Sparks*, for plaintiff in
error, cited: Field, Damages, pp. 476, 483-4; Cooley,
Torts, pp. 167, 313-14; 2 Greenleaf, Ev., sec. 95; *Stetlar
v. Nellis*, 60 Barb. [N. Y.], 525.

*Smith & Cobb, contra*, cited: Cooley, Torts, 193-5; Field,
Damages, 483; *Fosbinder v. Svitka*, 16 Neb., 499.

MAXWELL, J.

This action was brought by the plaintiff against the
defendant in the district court of Merrick county to
recover damages for assault and battery. The answer of
the defendant is in effect a plea of justification. On the
trial of the cause the jury returned a verdict for the defend-
ant, and a motion for a new trial having been overruled,
judgment was entered on the verdict.

The testimony tends to show that on the evening of the
10th of October, 1887, the plaintiff went on horseback

upon the premises of the defendant; that as soon as the defendant met him he ordered him to leave said premises, which, as he did not do at once, the defendant, who was hauling grain with a team and wagon from a threshing machine on his farm, and, as he claims, believing that the plaintiff was about to assault him, he, to defend himself, stopped his team, got down from the wagon and pulled out the iron pin or bolt by which the double-trees were attached to the wagon and threw it at the plaintiff.   The plaintiff, either before or immediately after, dismounted from his horse, called to a friend near by to hold the horse, and at once entered into a scuffle or fight with the defendant. The plaintiff professes to be entirely ignorant as to the manner in which the fight originated and how it was carried on, and testified in effect that he was severely injured in the melee.   In regard to the injury, he is corroborated to a considerable extent by several of his witnesses.   Witnesses on behalf of the defendant, however, testify that the injury to the plaintiff was of but a trifling character.

The plaintiff claims that he was road supervisor and his purpose in going on defendant's farm was to warn him and some of the men working around the threshing machine, to work on the road next day.   He did not make his purpose known however, but after the difficulty was over, or nearly so, he seems to have stated that he was an officer of the law, but what officer or the object of the statement does not appear.   It appears from the evidence that both the plaintiff and defendant were residents of Mead precinct, in Merrick county; that at the general election in November, 1886, they had an altercation, in which we are led to infer that the plaintiff was the aggressor.   This difficulty seems to have been the cause of the quarrel in the case at bar.

The evidence is of such character that it was proper for a jury to weigh, reconcile the conflicting statements as far

McClure v. Shelton.

as possible, and, if that was impossible, determine from the evidence what witnesses were worthy of belief, and it not appearing that the verdict is clearly wrong this court cannot disturb the verdict.

The court instructed the jury as follows:

"The jury are instructed that an assault and battery consists in an injury actually done to the person of another in an angry or revengeful, rude, or insolent manner. Any unlawful beating of another, however slight, is an assault and battery, and the degree of bodily pain and injury, if the assault and battery are proved by the evidence, is only important as affecting the measure of damages. If the jury from the evidence believe that the defendant on or about the 18th day of October, 1887, unlawfully struck the plaintiff, as alleged in the plaintiff's petition, without any sufficient provocation therefor, as explained in these instructions, and that the plaintiff was injured by such striking, and has suffered any damage therefrom, then the jury should find for the plaintiff.

"5th. The jury are instructed that a person in the actual, peaceable, and exclusive possession of property has a right to guard such possession by using sufficient force, if necessary, for that purpose. And in this case if the jury, from the evidence, believe that at the time of the alleged beating, and for some time before that time, the defendant was in the actual, peaceable, and exclusive possession of the premises upon which the beating and striking took place, and that at the time in question the plaintiff was passing over said premises, then the defendant had a right to prevent the plaintiff from so passing over his premises, by using force, and to use so much force as was reasonably necessary for that purpose.

"6th. The jury are instructed that if a person enters upon the possession of another, and is requested by the party in possession to depart therefrom, and refuses so to do, the owner of the premises or party in possession thereof

may lawfully eject such person therefrom, provided he uses no more force than is reasonably necessary for that purpose, and if such person resists being so ejected from such premises, and strikes at the person who is thus endeavoring to eject him from his premises, such striking at or attempt to strike, if within striking distance, would be an assault upon the part of the person so refusing to depart from said premises. And in this case, if the jury, from the evidence, believe that the plaintiff, at the time and place of the alleged beating, was upon the premises of the defendant, that the defendant ordered or commanded the plaintiff to leave said premises, and that the plaintiff refused to depart therefrom, and thereupon, within striking distance, struck or offered to strike the defendant, then such striking or offering to strike would be an assault upon the defendant, provided the defendant was then and there using only such force as was apparently reasonably necessary to eject the plaintiff therefrom. If the plaintiff was a road overseer, this would not authorize him to remain, after being ordered off.

" 7th. The jury are instructed that while the law will not excuse or justify the use of more force than is reasonably apparently necessary to eject an intruder upon the premises of a person, or that is reasonably necessary in self-defense, and to prevent receiving bodily harm, still the law does make a reasonable allowance for the infirmity of human judgment under the influence of sudden passion or provocation, and it does not require men to reason with mathematical exactness the degree of force necessary to eject a person or to repel an assault. The jury must determine from all the evidence and from all of the facts and circumstances proved on the trial, whether he did use more force and violence than was apparently reasonably necessary under the circumstances surrounding this case.

" 8th. The jury are instructed that while the law makes a reasonable allowance for the infirmities of human judg-

ment under the influence of human passion, and does not require men to measure with mathematical precision the degree of force necessary to eject a person from the premises of another or to repel an assault, still it does require all men, under the influence of sudden passion, to exercise reasonable discretion and forbearance in the infliction of injuries upon the person of another. And in this case, though the jury may from the evidence believe that the plaintiff refused to leave and depart from the defendant's premises, when ordered so to do, or that the plaintiff resisted or prepared to strike the defendant, when within striking distance, still if the jury, from the evidence, further believe that in the attempt to eject the plaintiff from his premises, or in repelling the attack of the plaintiff upon him, the defendant used a degree of force and violence towards the plaintiff greater than was apparently and reasonably necessary to eject the plaintiff, or to repel such attack, and thereby caused unnecessary injury to the plaintiff, then the jury should find for the plaintiff.

"9th. The jury are instructed that in determining the question of the reasonableness of the action or actions of the defendant in the premises, they should take into consideration the excitement of the occasion, if any such is proved by the evidence, the previous violent conduct of the plaintiff towards the defendant, if any such is proved; the information of the defendant touching the violent disposition of the plaintiff, if any such is proved, and whether the defendant in good faith believed and acted upon such information, and, from a full, fair, and candid consideration of all the evidence and facts and circumstances proved on the trial, determine whether the defendant acted as a reasonable man would under the same circumstances.

"10th. The jury are instructed that if they, under the instructions of the court, from the evidence believe that the plaintiff is entitled to recover in this case, then in assessing his damages the jury are at liberty to take into

account the character and extent of the plaintiff's injuries, so far as they have been proven by the evidence, the pain and suffering endured by him, if any, in consequence of such injury, his loss of time, and the costs of medical attendance, if such loss of time and costs have been proved, and award such damages as the jury may from the evidence think proper and right, in view of all the facts and circumstances proved on the trial. The jury can only allow actual damages by way of compensation. In this state damages by way of punishment are not allowed.

" 11th. The jury are instructed that the evidence introduced in this trial concerning the reports, if any, heard by the defendant, touching the violent character of the plaintiff, and the assault, if any, made by the plaintiff upon the defendant upon a previous occasion, is only proper to be considered by the jury in determining the question whether the defendant struck the plaintiff in the honest belief that he was defending himself and the possession of his property against the attack of the plaintiff, or the intrusion of the plaintiff upon his premises. The mere fact, if it is one, that the plaintiff was a dangerous or violent person, would not give the defendant the right to strike the plaintiff without reasonable cause therefor. If, from the evidence in this case, the jury believe that the defendant acted in defense of the possession of his property or in defense of his person, from real and honest convictions as to the character of the resistance and danger, induced by reasonable evidence, although he might be mistaken as to the extent of the resistance or of the actual danger, then the jury should find for the defendant, unless they from the evidence believe that he used a degree of force or violence not necessary for the defense of his person and property, as explained in these instructions."

The court also gave the following instructions : ·

" 1st. At the request of the defendant the jury are instructed as follows : The jury are instructed that a person

may with reasonable force defend his premises or property as well as his person when invaded, and the fact that an injury is inflicted upon the invading or attacking party, will not make the resisting party liable for damages resulting from such injury, if inflicted in the reasonable defense of one's house, lands, or goods.

"2d. The jury are instructed that if you believe from the evidence that the plaintiff came upon the defendant's premises and that the defendant ordered him to depart therefrom, which the plaintiff refused to do, then the defendant had the right in law to use such an amount of force as under the circumstances may have been necessary to remove him therefrom ; and if you further find that the plaintiff resisted the defendant in his reasonable efforts to remove plaintiff from defendant's premises, then, in law, the plaintiff would be regarded as the aggressor and not entitled to recover in this action."

The instructions were all duly excepted to and the giving of the same is now assigned for error. No particular objection in any of the paragraphs has been pointed out, and in our view, taken as a whole, they state the law correctly. There is no material error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.