ANNA KAST, APPELLEE, V. JACOB LINK, APPELLANT.

FILED OCTOBER 6, 1911.   No. 16,708.

1. Assault and Battery: EVIDENCE. Evidence examined, and *held* to support the verdict.

2. ———: DAMAGES. Instruction set forth in the opinion approved.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*W. D. Oldham,* for appellant.

*E. C. Calkins, contra.*

LETTON, J.

This is an action to recover damages for assault and battery. The petition alleged that the plaintiff, before the assault, was a strong and healthy woman, earning from $500 to $600 per annum, and that the assault resulted in a permanent injury to her head and nervous system, and has greatly impaired and diminished her ability to work. The answer practically admitted the assault, and pleaded self-defense. The evidence showed that plaintiff and defendant were neighbors, and that as the plaintiff was passing along the highway, looking for some strayed cattle, she met the defendant. Some words passed between them

with reference to the cattle. The plaintiff walked on, and afterwards the defendant caught up with her, and after a few words struck her a blow upon the side of the head and also upon the shoulder. The defendant in his testimony admits striking her upon the head, so that the blow "spun her around," but denies a second blow, and says that he did not strike her until she made a threatening movement as if to strike him. The jury returned a verdict for the plaintiff in the sum of $2,000.

Defendant assigns as error that the judgment of the district court is not supported by sufficient evidence; that the damages awarded are excessive; and that the court erred in giving paragraph 8 of the instructions.

It is clear that the first assignment is untenable. Upon the oral argument, the latter two assignments only were discussed.

If the jury believed the testimony of Dr. Smith, the family physician, who attended the plaintiff, the damages are not excessive. He testified that he was called to attend the plaintiff immediately after the assault, and found she had sustained injuries to the right side of the head and on the right shoulder near the shoulder blade, which produced extreme pain; that she was in an apparently prostrated condition, and that the symptoms indicated that she had received a nervous shock, as well as sustaining an injury to the tissues. He was again called to attend her on the 10th, 14th and 28th of April, and one day in May, and medicine was procured from him at intervals until the latter part of October. He testified that as the case progressed there were indications of neuritis and inflammation of the nerves; that she is still suffering from the injury, and that it will take a long time for her to recover. There was some testimony on behalf of the defendant tending to show that the plaintiff was able to perform farm work of a nature sometimes performed by women, such as feeding hogs, and raking hay, although this testimony was contradicted by the plaintiff. There is no substantial conflict in the tes-

timony as to the nature and extent of plaintiff's in-juries, and we are satisfied that the evidence amply sustains the award of damages made by the jury. In-struction No. 8 is as follows: "You are instructed that, if from the evidence and instructions in the case you find for the plaintiff, you will then allow the plaintiff dam-ages in such sum as you believe, from all the evidence in the case, will actually compensate her for the injuries sustained by her, if any. You will take into consideration the nature, location and extent of the injury. You will allow plaintiff the fair and reasonable amount of neces-sary medical services for which plaintiff may have become obligated, if any, and for her loss of time from her occu-pation, if any. You will also allow plaintiff damages for her mental and physical suffering, if any such has been proved. Mental suffering and physical pain are incapable of measurement by any fixed and arbitrary rule, but must from its nature depend largely upon the judgment of the jury, governed by the circumstances of the particular case. You cannot allow damages by way of punishment. That is for the criminal law, and not for the jury in a civil case. The damages, if any allowed, must be com-pensatory only." This instruction is complained of on the ground that "it lets in every remote and speculative damage that the excited imagination of the triers of fact might conjecture, whether it be the direct and proximate cause of the injury or not." We think, when considered as a whole, it is not subject to this criticism. It is substan-tially the same as one which was approved in *McClure v. Shelton,* 29 Neb. 370.

One of the contentions of the defendant, and we think that on which he really relies, is that the verdict is larger than it would have been if the injured person had been a man, instead of a woman, and that the instruction per-mits the jury to take this fact into account. We are not aware of any distinction in law with reference to the measure of damages in cases where the assaulted person happens to be a woman. It may be true that a gallant

jury may naturally be inclined to award heavier damages where the assailant is a man and the injured person is a member of the gentler sex; but, if the evidence sustains the recovery, a reviewing court can take no account of this tendency.

We find no error in the record, and the judgment of the district court is

'AFFIRMED.